No. 374
STEMPIEN v. STATE ex.
Ohio Appeals, 6th Dist., Wood Co.
No. 345. Decided March 23, 1925
923. PLEADINGS—When general demurrer is filed to petition and overruled, answer being in default, defendant makes general appearance.
855. NUISANCE—Action to abate may be brought by County Prosecuting Attorney.

YOUNG, J.

Ray Avery asked for an injunction in the Wood Common Pleas, to restrain Felixia Stempien from trafficking in intoxicating liquors upon premises belonging to her, in violation of 13195-1 GC. and to abate a nuisance located thereon. Stempien asked leave to file an answer to the petition, but filed a general demurrer which was overruled. The Court granted relief sought for and ordered the premises involved in the case to be closed for one year.

Error was prosecuted and Stempien contends that she was not served with notice and that the petition is not sufficient at law. The Court of Appeals held:

1. Stempien by filing a general demurrer, defaulted in her answer and by filing of the motion to ask leave to file an answer together with the demurrer, entered her appearance.

2. Construing the allegations in the petition in the light of 13195-1 GC. it sets up sufficient facts to constitute a good cause of action.

Attorneys—Benj. F. James, Bowling Green, and G. W. Millard, Toledo, for Stempien; Ray D. Avery, Pros. Atty., Bowling Green, for State ex.

No. 375
SULLIVAN v. ALFORD BROS.
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1268. Decided March 12, 1925.
923. PLEADINGS—1. When averments are not inconsistent, election is not necessary.
2. Compulsory election of either the averment of agency or incompetency of driver, held to be erroneous.

BY THE COURT.

This action was brought in the Franklin Common Pleas by Carl Sullivan by his next friend, in which it was sought to recover damages sustained by Carl for injuries to him when he was struck by a truck owned by Alford Bros. and driven by Milo Alford, the son of one of the brothers. The petition contained the averments that Milo Alford was the agent of the partnership, that he was sixteen years of age and unskilled in the use and operation of the truck and that the injury to Carl Sullivan was due to negligence in management and control of the truck.

On hearing, the trial court sustained a motion to compel Sullivan to elect whether he proceed upon his specific charge of agency or upon the charge of the incompetency of the driver. At close of plaintiff's evidence, the court sustained a motion for non-suit on the ground that there was no evidence tending to prove agency. Error was prosecuted and the Court of Appeals in reversing the judgment of the lower court held:

1. It is only where two charges or causes of action are clearly inconsistent that the court will compel an election.

2. There was no such inconsistency between the charge of agency and that of the incompetency of the driver.

3. The proving of either of these charges would not necessarily disprove the other.

Attorneys—Cecil J. Randall for Sullivan; E. N. Huggins and W. H. Liggett, for Alford; all of Columbus.

No. 376
YOUNGSTOWN MUNI. R. CO. v. JENNINGS
Ohio Appeals, 7th Dist., Mahoning Co.
No. Decided Dec. 17, 1924
1115. STREET RAILWAYS—Street car company held liable for discharging passenger where there was a hole in pavement.—Verdict held not manifestly against weight of evidence.

POLLOCK, J.

This was an action for personal injuries by May Jennings against the Youngstown Municipal Railway Company. As Mrs. Jennings was getting off a stret car in Youngstown, she stepped into a hole and was injured. The petition alleged that her injury was caused: (1) in stopping the car over an excavation or hole, (2) in failing to assist plaintiff in alighting, (3) in failing to warn plaintiff of the dangers in alighting, (4) in failing to make some examination of the place by the Street Car Company. The point where plaintiff fell was just at the very edge of the safety zone, there being two other cars within the said zone directly ahead of this car upon which plaintiff had been riding. The depression was at the point where plaintiff had to step in alighting from the car. The jury returned a verdict for plaintiff, whereupon defendant prosecuted error. In affirming the judgment, the Appeals held:

1. The court cannot say as a matter of law that the Electric Company was not negligent in stopping its car at the point in question, or in not warning its passengers of the condition of the street. This question was clearly for the jury.

2. It cannot be said that the verdict was manifestly against the weight of the evidence.

Attorneys—Kennedy, Manchester, Conroy & Ford, for Railway Co.; Anderson & Lamb, for Jennings; all of Youngstown.